IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CROP PRODUCTION SERVICES, )<br>INC., a Delaware )<br>Corporation, )<br>    )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>SOUTHLAND SEED & GRAIN, )<br>LLC, an Alabama limited )<br>liability company; )<br>BASIL LASHAUN MCLAUGHLIN, )<br>a citizen of Alabama; )<br>and CHAD THRASH, a citizen )<br>of Alabama, )<br>    )<br>    Defendants. ) | CIVIL ACTION NO.<br>2:13cv615-MHT<br>(WO) |

OPINION

Plaintiff Crop Production Services, Inc., filed this lawsuit against defendants Southland Seed & Grain, LLC, Basil Lashaun McLaughlin, and Chad Thrash, bringing several state-law claims arising from the alleged failure to pay for goods and services ordered and received from

Crop Production.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).  This lawsuit is now before the court on Crop Production's motion for default judgment against all defendants, seeking a judgment in the amount of $ 156,220.86, plus interest.

Crop Production perfected service of the summons and complaint on each defendant on or before October 15, 2013.  <u>See</u> Proofs of Service (Doc. Nos. 4, 10, and 11).  Crop Production filed the pending motion for default judgment on November 26, 2013.  Attached to the motion is the affidavit of Barb Meyer, Crop Production's "Georgia Area Credit Manager."  Meyer Aff. at  2 (Doc. No. 17-1).  Meyer states: "As of November 20, 2013, the total account debt owed to CPS by Southland was $ 149,564.59.  This amount is comprised of $ 110,907.45, principal, and $ 38,657.14, interest.  Interest will continue to accrue at the contract rate of $ 55.4537 per day after November 20, 2013."  <u>Id</u>. at  9.  Meyer also states that, under the Credit Agreement that governed the sales by Crop

2

Production and the subject guaranty, Crop Production is entitled to recover its "'collection expenses and reasonable attorney's fees.'" Id. at 10-11. Also attached to the motion is the affidavit of counsel for Crop Production as to the costs of collection incurred by Crop Production. See Sumblin Aff. (Doc. No. 17-2). Sumblin states: "The total fees and expenses ... through November 26, 2013, are $ 6,656.27." Id. at 3.

On December 5, 2013, the court ordered that "defendants ... show cause, if any there be, in writing by December 20, 2013, as to why Crop Production Services, Inc.'s motion for default judgment should not be granted." Order at 1 (Doc. No. 18) (internal citation omitted). The court "informed [defendants] that if they fail[ed] to respond within the time allowed, judgment by default in the full amount requested will be entered against them." Id.

The December 20 deadline has come and gone, but the defendants have yet to show cause why judgment should not

3

be entered against them.  As detailed in the factual background provided above, each defendant was served with a copy of the summons and complaint; failed to respond to the summons and complaint within the time allowed; and failed to respond timely to an order of this court to show cause as to why final judgment should not be entered against them.  Moreover, the evidence establishes that judgment should be entered against the defendants in the amount requested ($ 149,564.59 + 6,656.27 = $ 156,220.86), plus interest.  Accordingly, this court is of the opinion that Crop Production's motion for default judgment should be granted and that judgment of default as to the amount requested, plus interest, should be entered against each defendant.

    A judgment will be entered in accordance with this opinion.

    DONE, this the 8th day of January, 2014.

                                /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**